**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 3:25-CR-069** |
| **Plaintiff,** | |
| | **JUDGE MICHEAL J. NEWMAN** |
| **vs.** | |
| | **UNOPPOSED MOTION FOR** |
| **DAVID BARKSDALE,** | **PROTECTIVE ORDER** |
| **PAUL ALLEN, and** | |
| **DONATHAN CORTNER,** | |
| **Defendants.** | |

The UNITED STATES OF AMERICA, by Assistant United States Attorney Kelly K. Rossi, requests this Honorable Court to enter the proposed protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) for good cause shown, namely, to protect the privacy and safety interests of the defendants and/or other third parties. Defense counsel for the defendants do not oppose the proposed protective order.

Pursuant to Fed. R. Crim. P. 16, the government will produce to the defendants discovery relating to the above-captioned matter, some of which includes information falling into one or more of the following categories (collectively, "Protected Information"):

    a. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members' names, or criminal histories ("Personal Identifying Information");

    b. All materials, including but not limited to documents, electronic data, and audio-

visual materials, that contain information relating to the identity, or that could be used to ascertain the identity, of any non-law enforcement confidential witnesses ("Witness Information"); and

c.  Financial information of any individual, including without limitation any bank account information, card information, and other identifying details of financial accounts ("Financial Information").

The government represents that the unrestricted dissemination of Protected Information could adversely affect the privacy interests and safety of third parties, and that it therefore has a compelling interest in preventing Protected Materials from being disclosed to anyone not a party to the court proceedings in this matter.

Federal Rule of Criminal Procedure Rule 16(d)(1) empowers district courts to issue protective orders limiting the use and distribution of discovery materials for "good cause." Fed. R. Crim. P. 16(d)(1). Specifically, the Rule provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id.* The Supreme Court has long recognized the necessity of such authority, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials[,] which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

The proposed protective order, attached as Exhibit 1, appropriately balances the need to protect the safety and privacy of third parties with the defendants' participation in their defense. Under the proposed protective order, defense counsel will have access to all discovery materials; however, the protective order limits further dissemination of those

materials based on the material's classification as (1) General Discovery Materials; (2) Sensitive Discovery Materials; and (3) Attorney's Eyes Only Materials.

As detailed under the proposed protective order, materials classified as "Sensitive Discovery Materials" may be shown to the defendants, but not left in their custody. Materials classified as "Attorney's Eyes Only" materials may not be shown to the defendants nor may the materials' contents be shared with the defendants. The remaining discovery materials are "General Discovery Materials" and may be left in the custody of the defendants.

Finally, on September 4, 2025, the government provided the proposed protective order to defense counsel of record, Anthony VanNoy, Christopher Fogt, and Thomas Anderson. Defense counsel have informed the government that they do not oppose the proposed protective order.

WHEREFORE, the government respectfully requests that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, grant this Motion and adopt the proposed protective order, attached as Exhibit 1.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

*s/Kelly K. Rossi*
KELLY K. ROSSI (NM 147107)
Assistant United States Attorney
200 W. Second St., Ste. 600
Dayton, OH 45402
Kelly.Rossi@usdoj.gov